# United States District Court
# Central District of California

| | |
|---|---|
| SONIA PEREZ, individually, and on behalf of a class of similarly situated individuals,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>THE KROGER CO.; and DOES 1–10,<br>　　　　　　Defendants. | Case № 2:17-cv-02448-ODW (AGR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND [24]** |

## I.　INTRODUCTION

Pending before the Court is Defendant The Kroger Co.'s Motion to Dismiss (Mot., ECF No. 24) Plaintiff Sonia Perez's First Amended Class Action Complaint (First Am. Compl. ("FAC"), ECF No. 20.)[1]  For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Kroger's Motion.

## II.　FACTUAL BACKGRUOND

This is a consumer product class action.  Plaintiff Perez alleges that Kroger's use of the statement "No Sugar Added" on Kroger 100% Apple Juice, Kroger 100%

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

Natural Apple Juice, and Simple Truth Organic 100% Apple Juice (collectively, "Kroger Apple Juice"), does not comply with the applicable Food and Drug Administration ("FDA") regulations, specifically 21 C.F.R. § 101.60(c)(2). (FAC ¶¶ 1–2, 5–7.) Perez further alleges that Kroger's failure to comply with FDA regulations violates various California consumer protection statutes—the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq., and the Consumer's Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq. (FAC ¶¶ 48, 59–65, 70.) Perez alleges that in January 2017, she purchased Kroger Apple Juice after reading and relying on the products' "No Sugar Added" label, because sugar level is important to her and "Kroger Apple Juice just looked healthier." (FAC ¶¶ 10–11.) Perez claims that she would not have bought Kroger Apple Juice if she had known that similar products contained the same level of sugar. (FAC ¶ 11.) If Kroger Apple Juice had not included the "No Sugar Added" label, Perez alleges, she would have either not purchased the product or paid less for it. (FAC ¶ 13.)

On February 9, 2017, Perez filed a class action complaint in Los Angeles County Superior Court against Kroger. (Compl., ECF No. 1.) On March 29, 2017, Kroger removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1332(d), and 1453(b). (Not. of Removal, ECF No. 1.) On May 6, 2017, Kroger moved to dismiss the complaint (ECF No. 10), and on May 26, 2017, Perez filed her First Amended Complaint, mooting the motion to dismiss. (FAC; ECF No. 21.) By the present motion, Kroger moves to dismiss the entire action for failure to state a claim and pursuant to the doctrines of preemption, primary jurisdiction, and safe harbor. (Mot. at 2–3, 14–20.) Kroger has also requested the Court to take judicial notice of a number of documents referenced in Kroger's motion to dismiss. (ECF No. 27.) Perez opposes Kroger's motion to dismiss and request for judicial notice. (ECF Nos. 28, 30.) Perez has also requested that the Court take judicial notice of a document referenced in her opposition (ECF No. 29), to which Kroger has not objected.

### III. LEGAL STANDARD

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court must dismiss a complaint that does not assert a cognizable legal theory or fails to plead sufficient facts to support an otherwise cognizable legal theory. Fed. R. Civ. P. 12(b)(6); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In addition, where, as here, the plaintiff's claim sounds in fraud, the complaint must comply with Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008); *Bly-Magee v. Cal.*, 236 F.3d 1014, 1018 (9th Cir. 2001). Rule 9(b) requires the party alleging fraud to "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), including "the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks omitted); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "In addition, the plaintiff must set forth what is false or misleading about a statement, and why it is false." *Ebeid*, 616 F.3d at 998 (citations, brackets, and internal quotation marks omitted). "Rule 9(b) serves to give defendants adequate notice to allow them to defend against the charge and to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect professionals from the harm that comes from being subject to fraud charges, and to

prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (citations, brackets, and internal quotation marks omitted).

## IV. DISCUSSION

### A. Requests for Judicial Notice

The Court first addresses the pending requests for judicial notice submitted by the parties. (ECF Nos. 27, 29.) While a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, a court may consider any documents referenced in the complaint, and may take judicial notice of matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee*, 250 F.3d at 688–89.

Kroger requests the Court to take judicial notice of the following exhibits (ECF No. 27):

- Exhibit A: First Amended Complaint from *Perez v. Naked Juice Co. of Glendora, Inc.*, No BC649296 (Los Angeles Super. Ct. filed Mar. 30, 2017);
- Exhibit B: FDA Inspection Guide, Attachment 26, Product Categories and Products (Nov. 25, 2014), *available at* https://www.fda.gov/iceci/inspections/inspectionguides/ucm114704.htm;
- Exhibit C: FDA, "Changes to Nutrition Label: Questions and Answers," *available at* https://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/LabelingNutrition.ucm385663.htm#QA; and
- Exhibit D–F: The complete product labels for Kroger Apple Juice.

In support of her opposition to Kroger's Motion to Dismiss, Perez requests that the court take judicial notice of an FDA guide entitled "Nutritional Labeling and Education Act (NLEA) Requirements (8/94 – 2/95)," *available at*

https://www.fda.gov/ICECI/Inspections/InspectionGuides/ucm074948.htm. (ECF No. 29.)

Kroger's Exhibits A, B, and C are matters of public record and are, therefore, appropriate for judicial notice. *See, e.g.*, *Red v. Gen. Mills, Inc.*, No. 15-2232, 2015 WL 9484398, at *3 (C.D. Cal. Dec. 29, 2015) (taking judicial notice of another complaint filed by the plaintiff); *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-1166, 2009 WL 6597891, at *2 (S.D. Cal. Dec. 23, 2009) (taking judicial notice of documents made available to the public on government agency websites). The Court finds Perez's Exhibit A appropriate for judicial notice on the same grounds.

The Court also finds Kroger's Exhibits D–F appropriate for judicial notice. The FAC already contains an image of the front label for Kroger Apple Juice but omits the nutrition labeling on the side of the packaging. (FAC at 2–4.) "A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (internal quotation marks omitted). Moreover, "[c]ourts addressing motions to dismiss product-labeling claims routinely take judicial notice of images of the products packaging." *Kanfer v. Pharmacare US, Inc.*, 142 F. Supp. 3d 1091, 1098–1099 (S.D. Cal. 2015).

Accordingly, the Court **GRANTS** Kroger's and Perez's requests for judicial notice. (ECF Nos. 27, 29.)

**B.     Perez's UCL, FAL, and CLRA Claims**

Perez alleges causes of action against Kroger for violations of the UCL, the FAL, and the CLRA. (FAC ¶¶ 38–79.) Kroger argues that dismissal of these three claims is appropriate because Perez has failed to allege facts showing that a reasonable consumer would be deceived or misled by the "No Sugar Added" labeling on Kroger Apple Juice. (Mot. at 10–11.)

### 1. "Unlawful" Prong of UCL

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business practice, 'section 17200 "borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999). The unlawful prong is separate from the "unfair" and "fraudulent" prongs of the UCL, making unlawful conduct independently actionable even if it is not unfair or fraudulent. *Id.* Perez asserts violations under all three prongs of the UCL. (FAC ¶¶ 48–51.)

Kroger argues that Perez's UCL claim should be dismissed for failure to allege facts that would satisfy the reasonable consumer test and because the "No Sugar Added" label is not false or misleading because it is factually true. (Mot. at 7–11.) However, the reasonable consumer test does not apply to claims brought under the unlawful prong of the UCL. *See Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 n.9 (2007); *Gitson v. Trader Joe's Co.*, No. 13-1333, 2013 WL 5513711, at *6 n.5 (N.D. Cal. Oct. 4, 2013). To state a claim under the unlawful prong of the UCL, a plaintiff only needs to sufficiently plead (1) a predicate violation, *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1097 (N.D. Cal. 2014); *see also People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*, 104 Cal. App. 4th 508, 515 (2002) ("[V]irtually any state, federal or local law can serve as the predicate for an action under section 17200"), and (2) an accompanying economic injury caused by that violation. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 329 (2011).

All of the claims in the FAC are premised on Perez's contention that Kroger Apple Juice is mislabeled under California's Sherman Law and FDA regulations. (FAC ¶ 2; Opp'n at 22.) California's Sherman Law broadly prohibits the misbranding of food. *In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1086 (2008) (citing Cal. Health & Safety Code § 110765). The Sherman Law incorporates all food labeling

regulations and any amendments to those regulations adopted pursuant to the Food, Drug, and Cosmetic Act ("FDCA") as the food labeling regulations of California. *Id.* at 1087; Cal. Health & Safety Code § 110100(a); *see also* Cal. Health & Safety Code §§ 110665, 110670. The FDA labeling regulation at issue in this case, 21 C.F.R. § 101.60(c)(2), provides:

> The terms "no added sugar," "without added sugar," or "no sugar added" may be used only if:
>
> (i) No amount of sugars, as defined in § 101.9(c)(6)(ii), or any other ingredient that contains sugars that functionally substitute for added sugars is added during processing or packaging; and
>
> (ii) The product does not contain an ingredient containing added sugars such as jam, jelly, or concentrated fruit juice; and
>
> (iii) The sugars content has not been increased above the amount present in the ingredients by some means such as the use of enzymes, except where the intended functional effect of the process is not to increase the sugars content of a food, and a functionally insignificant increase in sugars results; and
>
> (iv) The food that it resembles and for which it substitutes normally contains added sugars; and
>
> (v) The product bears a statement that the food is not "low calorie" or "calorie reduced" (unless the food meets the requirements for a "low" or "reduced calorie" food) and that directs consumers' attention to the nutrition panel for further information on sugar and calorie content.

Perez alleges that Kroger Apple Juice fails to comply with § 101.60(c)(2)(iv) because Kroger Apple Juice does not resemble and substitute for foods that normally contain added sugar. (FAC ¶ 7.) According to Perez, the food that Kroger Apple Juice "resembles and for which it substitutes" is other brands of 100% apple juice

from concentrate, which does not normally contain added sugar. (FAC ¶¶ 45–46.) These allegations—in addition to the allegations regarding Perez's economic injuries discussed further below—are sufficient to state a claim under the "unlawful prong" of the UCL.

### 2. *The Reasonable Consumer Standard*

False advertising claims under the FAL, the CLRA, and the fraudulent and unfair prongs of the UCL are governed by the reasonable consumer standard. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002); *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 504 (2003). Under the reasonable consumer standard, a plaintiff must show that members of the public are likely to be deceived by the defendant's representations. *Williams*, 552 F.3d at 938 ("The California Supreme Court has recognized that these laws prohibit not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." (internal quotation marks omitted)). A likelihood of deception means that "it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie*, 105 Cal. App. 4th at 508.

Kroger contends that Perez's claims fail the reasonable consumer test because the "No Sugar Added" claim is truthful in that Kroger Apple Juice does not actually contain added sugar. (Mot. at 7.) But Perez's theory of liability is that Kroger's labeling is misleading because Kroger Apple Juice is labeled "No Sugar Added"—in violation of FDA regulations—and competitors' juice is not. (FAC ¶ 50.) The Ninth Circuit recently held, in an unpublished opinion, that a plaintiff may state a claim under the UCL, FAL, and CLRA, when a defendant's label contains literally true assertions that FDA regulations prevent its competitors from making for similar products. *Bruton v. Gerber Prods.*, No. 15-15174, 2017 WL 3016740, at *2 (9th Cir. July 17, 2017); *see also Wilson v. Odwalla, Inc.*, No. 17-2763, 2017 WL 3084278, at

*3 (N.D. Cal. June 28, 2017) (citing *Bruton* and finding that a plaintiff can state a claim for deception even though the "No Sugar Added" label is technically true). Thus, Perez's claim is not barred simply because the "No Sugar Added" label is technically true.

However, because some of Perez's claims sound in fraud, she must also meet the particularity requirements under Federal Rule of Civil Procedure 9(b). The Ninth Circuit has specifically held that Rule 9(b)'s heightened pleading standard applies to claims for violation of the UCL, FAL, or CLRA that are grounded in fraud. *Vess*, 317 F.3d at 1103–06; *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). To satisfy Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106.

In the FAC, Perez alleges that the "No Sugar Added" label on Kroger Apple Juice is likely to mislead reasonable consumers into believing that Kroger's products are better than competing products due to the combination of (1) the presence of the "No Sugar Added" claims on Kroger Apple Juice and (2) the lack of a similar label on competitors' products. (FAC ¶¶ 49–50.) Rule 9(b) requires more. Perez has not sufficiently alleged "how" she was misled. *See In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) ("[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false."). Perez has not, for example, named which competitors' products did not contain the "No Sugar Added" label. Because Perez's allegations that she was misled rely on a combination of the alleged misrepresentation on Kroger's products and the absence of that misrepresentation on competitors' products, more facts are required to "connect the dots" to show how the alleged misbranding misled Perez in a way that a reasonable consumer would be deceived. *See Trazo v. Nestle USA, Inc.*, No. 12-2272, 2013 WL 4083218, at *10 (N.D. Cal. Aug. 9, 2013).

Further, Perez has not sufficiently alleged which of the three varieties of Kroger Apple Juice she actually purchased. Perez merely states that she purchased "one or more" containers of Kroger Apple Juice, which she defines as three separate products. (FAC ¶¶ 1, 9.) To satisfy Rule 9(b), Perez must allege which specific product she purchased as a result of Kroger's purported misrepresentations. *See Thomas v. Costco Wholesale Co.*, No. 12-2908, 2013 WL 1435292, at *9 (N.D. Cal. Apr. 9, 2013) (dismissing complaint when it did "not clearly and unambiguously state which particular food products were purchased"). Accordingly, the Court dismisses Perez's claims under the FAL, the CLRA, and the fraud and unfair prongs of the UCL.

   *3.     Standing*

Kroger next argues that Perez has failed to establish that she has statutory standing to bring her claims. (Mot. at 12.) The UCL, FAL, and CLRA all require plaintiffs to demonstrate standing. *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104, 1108 (9th Cir. 2013). To have standing under the UCL, FAL, and CLRA, a plaintiff must allege that she relied on the defendant's alleged misrepresentation and that she suffered economic injury as a result. *Id.* at 1104*; see also Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010) (finding that plaintiff's CLRA claim failed because plaintiff did not allege facts showing that he "relied on any representation by" defendant).

A plaintiff can satisfy the economic injury requirement by alleging that "he or she would not have bought the product but for the misrepresentation." *Kwikset*, 51 Cal. at 329. This is what Perez has done. Perez alleges that if Kroger Apple Juice had not included the "No Sugar Added" claim on the label, she would not have purchased it or would have paid less for it. (FAC ¶ 52.) This is sufficient to satisfy the standards set out in *Kwikset*. *Hinojos*, 718 F.3d at 1107 ("[W]e hold that when a consumer purchases merchandise on the basis of false [] information, and when the consumer alleges that he would not have made the purchase but for the misrepresentation, he has

standing to sue under the UCL and FAL because he has suffered an economic injury.").

Perez has also sufficiently pleaded reliance. Perez alleges that she observed the "No Sugar Added" label on Kroger Apple Juice and relied on the label in deciding to purchase the Kroger Apple Juice. (FAC ¶¶ 10–11.) These allegations are sufficient under *Kwikset. See Hinojos*, 718 F.3d at 1107.

For these reasons, the Court finds that Perez has standing to assert her claims.

## C.  Primary Jurisdiction

Kroger argues that the Court should dismiss this action under the primary jurisdiction doctrine because the FAC raises labeling claims that fall within the scope of ongoing FDA rulemaking proceedings. (Mot. at 18.) In response, Perez argues that the rulemaking proceedings Kroger references are unrelated to the claims in the FAC. (Opp'n at 24.) The Court agrees and finds that Kroger has not provided enough support for its contention that the FDA is actively engaged in regulating the question at issue in this proceeding.

"The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). The doctrine "is committed to the sound discretion of the court when 'protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme.'" *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002) (quoting *United States v. Gen. Dynamics Corp.*, 828 F.2d 1356, 1362 (9th Cir. 1987)). Courts apply the following factors in determining whether to apply this doctrine: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Id.* Not all issues within

an agency's purview must be referred to that agency; rather, "[p]rimary jurisdiction is properly invoked when a claim . . . requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Brown v. MCI WorldCom Network Servs., Inc.*, 277 F.3d 1166, 1172 (9th Cir. 2002). Courts within this circuit have also considered whether the agency is actively engaged in rulemaking or adjudication on the issue presented before invoking primary jurisdiction. *See, e.g., Reid v. Johnson & Johnson*, 780 F.3d 952, 967 (9th Cir. 2015) (declining to refer the dispute to the FDA based on the primary jurisdiction doctrine when there was "no indication that the FDA [was] contemplating authorizing" further statements on the relevant issues); *Clark*, 523 F.3d at 1115 (upholding district court's invocation of the primary jurisdiction doctrine when the applicable agency was "actively considering" how to regulate the issues presented in the case).

Kroger argues that the primary jurisdiction doctrine applies here because "the FDA is actively regulating in this area." (Mot. at 18.) In support, Kroger points to a final rule published in the Federal Register on May 27, 2016, entitled "Food Labeling: Revision of the Nutrition and Supplement Facts Panel" which provides authority on how "added sugars" should be listed on the Nutrition Facts Panel. (*Id*.) In response, Perez argues that these regulations are unrelated to the permitted use of the "No Sugar Added" claim on a product's front label. (Opp'n at 24.) The Court agrees. Perez's claims concern the lawfulness of the nutrient claims on the front label, not how added sugars are noted on the Nutrition Facts Panel. *See also Rahman v. Motts LLP*, No. 13-3482, 2014 WL 1379655, at *3 (N.D. Cal. Apr. 8, 2014) (reaching a similar conclusion with regard to the proposed version of this rule). Because Kroger has not shown that the FDA is actively engaged in revising the regulations at issue in this case, or issuing guidance thereon, the Court declines to dismiss or stay the action pursuant to the primary jurisdiction doctrine.

**D.     Preemption**

Kroger contends that Perez's state law claims are expressly preempted by federal law, namely the FDCA and the Nutrition Labeling and Education Act ("NLEA"), which impose requirements specifically governing food nutritional content labeling. (Mot. at 14–17.) Express preemption applies where Congress has specifically stated in the statutory language that its enactments preempt state law. *English v. Gen. Elec. Co.*, 496 U.S. 72, 78 (1990). The FDCA, as amended by the NLEA, contains an express preemption provision, making clear that state laws imposing labeling requirements not identical to FDA mandates are preempted. 21 U.S.C. § 343-1(a). However, "where a requirement imposed by state law effectively parallels or mirrors the relevant sections of the NLEA, courts have repeatedly refused to find preemption." *Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111, 1118 (N.D. Cal. 2010); *see also Brazil v. Dole Food Co., Inc.*, 935 F. Supp. 2d 947, 958 (N.D. Cal. 2013). Therefore, a plaintiff's claims do not fail on preemption grounds if the requirements she seeks to impose are identical to those imposed by the FDCA, NLEA, or applicable FDA regulations.

The FDCA and California law contain identical prohibitions on false or misleading labeling. *Compare* Sherman Law, Article 6 § 110660, *with* FDCA § 403(a)(1), 21 U.S.C. § 343(a)(1) (both identically provide that food is misbranded if its "labeling is false or misleading in any particular"); *see also* Cal. Health & Safety Code § 110100(a) ("All food labeling regulations and any amendments . . . to the federal act, in effect on January 1, 1993, or adopted after that date shall be the food labeling regulations of this state"). In short, California and federal law are identical and Perez's claims would be preempted only if the consequence of those claims implied or suggested a difference.

Perez's claims are predicated on Kroger's violation of 21 C.F.R. § 101.60(c)(2)(iv). (Opp'n at 22.) If Kroger is in compliance with the FDA regulations, then Perez's state law claims are preempted, because California law

cannot impose labeling requirements more burdensome than the FDA. *See* 21 U.S.C. § 343-1(a); *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 889 (C.D. Cal. 2013) ("[A]ny state law requiring [defendant] to use additional or different labeling would not be [] identical to FDA regulations and would be preempted by the FDCA."). If, on the other hand, the "No Sugar Added" labels on Kroger Apple Juice do violate FDA regulations, then Perez's claims are not preempted.

Preemption is an affirmative defense, so it is Kroger's burden to establish that it applies. *Brown v. Earthboard Sports USA, Inc.*, 481 F.3d 901, 912 (6th Cir. 2007) ("[F]ederal preemption is an affirmative defense upon which the defendants bear the burden of proof" (quoting *Fifth Third Bank v. CSX Corp.*, 415 F.3d 741, 745 (7th Cir. 2005)); *see also Moore v. Young Bros., Ltd.*, 289 Fed App'x 149, 152 (9th Cir. 2008) (noting the general rule that federal preemption is an affirmative defense to a state law claim). Kroger's preemption argument rests on its claim that Kroger Apple Juice is in compliance with the FDA regulations. (Mot. at 15.) Kroger argues that it has not violated 21 C.F.R. § 101.60(c)(2)(iv), because the food the Kroger Apple Juice "resembles and for which it substitutes for" is "all fruit juices (excluding lemon and lime juice), nectars, noncarbonated drinks containing any amount of fruit juice or nectar" and that other juices, nectars, and fruit drinks do frequently contain added sugar. (Mot. at 16.) To support these claims, Kroger cites two FDA guidance documents. (*Id.*) These documents, however, are not sufficient to satisfy Kroger's burden.

First, Kroger cites an FDA Inspection Guide for its argument that the substitute for Kroger Apple Juice is broader than other 100% apple juice from concentrate products, as Perez alleges. (*Id.*; ECF No. 27-2.) However, the Inspection Guide provides only a description of general product categories, not a conclusive list of what constitutes "substitutes" for apple juice. *Wilson v. Odwalla, Inc.*, No. 17-cv-2763, 2017 WL 3084278, at *2 (C.D. Cal. June 28, 2017) ("[T]he Court finds th[e FDA Inspection] guide, which describes general product categories and their corresponding

products, is insufficient to establish that the 'FDA views comparison juice products broadly,' for the purposes of the regulation at issue." (internal citation omitted)).

Second, Kroger relies on an FDA guidance document entitled "Changes to the Final Nutrition Facts Label: Questions and Answers" for its proposition that the "substitutes" for Kroger Apple Juice normally contain sugar. (Mot. at 16, ECF No. 27-3.) The statement Kroger cites in that document, however, is a mere passing reference to the percentage of total calories the average American gets from added sugar, "with major sources being sugar-sweetened beverages (including . . . fruit drinks . . . )." This is not sufficient to establish that the product category as a whole, as defined by Kroger, "normally contains added sugars."

At this preliminary stage, the Court cannot conclude that Kroger Apple Juice is in compliance with 21 C.F.R. § 101.60(c)(2)(iv). Therefore, the Court declines to dismiss the FAC on express preemption grounds.

### E. Safe Harbor

Kroger also argues that Perez's claims must be dismissed because the FDCA provides a "safe harbor" for the conduct Perez alleges violates the UCL, FAL, and CLRA. In *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, the California Supreme Court held that unfair competition laws cannot be used to attack certain conduct when specific legislation provides a "safe harbor" for that conduct. 20 Cal. 4th 163, 182 (1999). As explained above, the Court cannot find at this time that Kroger's conduct is in compliance with the applicable regulations. Thus, the Court rejects Kroger's arguments for dismissal based on the "safe harbor" doctrine.

///
///
///
///
///
///

## V. CONCLUSION

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Kroger's Motion to Dismiss the FAC and **GRANTS** Perez leave to amend. If Perez wishes to amend the complaint, she must do so within 21 days of this Order.

**IT IS SO ORDERED.**

August 18, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**