Bevin A. Pike (SBN 221936)
Bevin.Pike@capstonelawyers.com
Robert K. Friedl (SBN 134947)
Robert.Friedl@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:   (310) 943-0396


Attorneys for Plaintiff
Sonia Perez

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA PEREZ, individually, and on behalf of a class of similarly situated individuals,<br><br>        Plaintiff,<br><br>      v.<br><br>THE KROGER CO., an Ohio corporation; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.: 2:17-cv-2448 ODW (AGRx)<br>Hon. Otis D. Wright, II<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>(1)  Violations of Unfair Competition Law, California Business & Professions Code § 17200 *et seq.*<br>(2)  Violations of False Advertising Law, California Business & Professions Code § 17500<br>(3)  Violations of California's Consumers Legal Remedies Act<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.      Plaintiff Sonia Perez ("Plaintiff") brings this action for herself and on behalf of all persons in the United States who purchased one or more containers of Kroger 100% Apple Juice, Kroger 100% Natural Apple Juice, and Simple Truth Organic 100% Apple Juice with the phrase "No Sugar Added" on the front label or front outer packaging (collectively, "Kroger Apple Juice") created, manufactured, distributed, marketed, and/or sold by The Kroger Co. and DOES 1-10 ("Defendants" or "Kroger").

2.      Plaintiff's action arises out of the unlawful "No Sugar Added" statements placed by Defendants on the front labels and front outer packaging of the Kroger Apple Juice.  The Food and Drug Administration ("FDA") regulations promulgated pursuant to the Food, Drug, and Cosmetics Act of 1938 ("FDCA") specify the precise nutrient content claims concerning sugar that may be made on a food label.  *See* 21 C.F.R. § 101, Subpart D.  Defendants' "No Sugar Added" claims on their Kroger Apple Juice containers fail to comply with these requirements, as set forth below.  As a result, Defendants have violated California's Sherman Law and consumer protection statutes, which wholly adopt the federal requirements.

3.      In the United States, more than one-third of adults are obese, and approximately seventeen percent of children and adolescents are obese.  The obesity epidemic has been fueled, in part, by increased consumption of foods high in sugar.  Obesity and excess sugar consumption, in turn, have been linked to a variety of health problems, including, but not limited to, heart disease, tooth decay and diabetes.  As a result, consumers are increasingly aware of their sugar consumption and attach importance to the statement "No Sugar Added" on the labels of food products.

4.      To profit from consumers' well-placed and increased focus on

1   minimizing sugar consumption, Defendants have prominently featured a "No

2   Sugar Added" statement on the front label and front outer packaging of their

3   Kroger Apple Juice containers.  The images below depict the "No Sugar Added"

4   statement as featured on the labels ("No Sugar Added Label"):



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



SECOND AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



5. Defendants' prominent "No Sugar Added" statement on the front label and front outer packaging of their Kroger Apple Juice containers violates FDA regulations. The FDA forbids the use of the terms "No Added Sugar," "No Sugar Added" and "Without Added Sugar" on food product labels unless the product making such claims meet the following criteria:

(i) No amount of sugars, as defined in 101.9(c)(6)(ii), or any other ingredient that contains sugars that functionally substitute for added sugars is added during processing or packaging; and

(ii) The product does not contain an ingredient containing added sugars such as jam, jelly, or concentrated fruit juice; and

(iii) The sugars content has not been increased above the amount present in the ingredients by some means such as the use of enzymes, except where the intended functional effect of the process is not to increase the sugars content of a food, and a functionally insignificant increase in sugars results; and

(iv) **The food that it resembles and for which it substitutes normally contains added sugars**; and

(v) The product bears a statement that the food is not "low calorie" or "calorie reduced" (unless the food meets the requirements for a "low" or "reduced calorie" food) and that directs consumers' attention to the nutrition panel for further information on sugar and calorie content.[1]

6. Further, the FDA has stated that, "[i]n implementing the guidelines, the purpose of the 'no added sugar' claim is to present consumers with information that allows them to differentiate between similar foods that would normally be expected to contain added sugars, with respect to the presence or absence of added sugars. Therefore, the 'no added sugar' claim is not

---

[1] *See* 21 C.F.R. § 101.60(c)(2)(emphasis added).

appropriate to describe foods that do not normally contain added sugars."

7.     Thus, Defendants' "No Sugar Added" claims on Kroger Apple Juice are in violation of FDA and state regulations because Kroger Apple Juice does not resemble and substitute for a food that normally contains added sugars, including, without limitation, apple juice (21 C.F.R. § 101.60(c)(iv)).

8.     As a result of their reliance on Defendants' unlawful sugar-content labeling claims, Plaintiff and Class Members have suffered an ascertainable loss of money, including, but not limited to, out of pocket costs incurred in purchasing the Kroger Apple Juice.  Further, as a result of their deceptive marketing and unfair competition with other similar manufacturers and brands, Kroger Apple Juice realized sizable profits.

9.     Defendants' "No Sugar Added" statement on the front label and front outer packaging of the Kroger Apple Juice containers, although literally true, is likely to deceive reasonable consumers in its implications.

10.     Class Members are exposed to the front labels and front outer packaging of Kroger Apple Juice containers where the "No Sugar Added" statement is prominently displayed.

11.     Class Members are also exposed to the front labels and front outer packaging of competing brands of apple juice that do not display a "No Sugar Added" statement.  These include Martinelli's Gold Medal 100% Apple Juice, Tree Top 100% Apple Juice, Santa Cruz Organic Apple Juice, L&A Organic Apple Juice and Langer's Apple Juice.

12.     Class Members scan the front labels and front outer packaging of competing brands of apple juice for information about the products.  Class Members are not expected to look beyond representations on the front of competing brands of apple juice to discover the truth about the representations.

13.     The prominent placement of the No Sugar Added statement on the

front labels and front outer packaging of Kroger Apple Juice containers is likely to deceive Class Members because it implies that Kroger Apple Juice is different and better than the competing brands of apple juice. Specifically, the "No Sugar Added" claim on Kroger Apple Juice containers is likely to deceive Class Members because it implies that other brands of apple juice that do not have a "No Sugar Added" claim do contain added sugar. In fact, other brands of apple juice do not contain added sugar.

14.　In addition, the "No Sugar Added" claim on Kroger Apple Juice containers is likely to deceive Class Members because it implies that Kroger Apple Juice does not have a lot of the sugar that many health-conscious consumers avoid, and is therefore healthier. In fact, Kroger Apple Juice, like other brands of apple juice, has high sugar content.

15.　As a result of their reliance on Defendants' deceptive sugar-content labeling claims, Plaintiff and Class Members have suffered an ascertainable loss of money, including, but not limited to, out of pocket costs incurred in purchasing the Kroger Apple Juice. Further, as a result of their deceptive marketing and unfair competition with other similar manufacturers and brands, Kroger Apple Juice realized sizable profits.

**PARTIES**

**PLAINTIFF SONIA PEREZ**

16.　Plaintiff SONIA PEREZ is a citizen and resident of the State of California, County of Los Angeles. In January 2017, Plaintiff went to a Ralphs market to purchase apple juice, milk and other groceries. She went to the aisle containing apple juice and observed a variety of apple juices, some of which had "No Added Sugar" statements on their front labels and some of which did not. Plaintiff noticed that Kroger 100% Apple Juice (pictured above with a single large apple on the front label) stated "No Sugar Added" on the front label.

Martinelli's Apple Juice, which was next to it on the shelf, did not. Langer's Apple Juice also did not state "No Sugar Added" on the front label. Plaintiff only looked at the front labels of the apple juices. The "No Sugar Added" statement influenced Plaintiff to purchase Kroger 100% Apple Juice (pictured above with a single large apple on the front label).

17. The "No Sugar Added" statement on the front label of Kroger Apple Juice and the absence of a "No Sugar Added" statement on the front label of Martinelli's Apple Juice (which was next to it on the shelf) and Langer's Apple Juice deceived Plaintiff because it suggested to her that Kroger Apple Juice is different and better than the competing brands of apple juice because they (presumably) contain added sugar. Had she known that similar apple juice products contained approximately the same level of sugars, and that none of them contain added sugars, she would not have bought Kroger Apple Juice.

18. In addition, the "No Sugar Added" claim on the front label of Kroger Apple Juice deceived Plaintiff because it suggested to her that it did not contain a lot of sugar and was therefore healthier. Plaintiff reasonably relied on Defendants' "No Sugar Added" claim in deciding to purchase the Kroger Apple Juice and Defendants' "No Sugar Added" claims were important to Plaintiff in making her purchase decision. Sugar level is very important to Plaintiff and she tries to be aware of it in foods she buys. In fact, Kroger Apple Juice, like other brands of apple juice, has high sugar content.

19. Plaintiff intends to purchase Kroger Apple Juice again if the No Sugar Added claim is removed because the label would then be truthful and not misleading.

20. If the Kroger Apple Juice had not included the illegal and deceptive "No Sugar Added" claim on the label, Plaintiff would not have purchased the Kroger Apple Juice or would have paid less for it.

**DEFENDANTS**

21.    Defendant THE KROGER CO. is an Ohio corporation, organized and existing under the laws of the State of Ohio and registered to conduct business in California.  Defendant THE KROGER CO.'s Corporate Headquarters are located at 1014 Vine Street, Cincinnati, OH 45202.

22.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are the successors, predecessors, parent companies, subsidiaries, affiliates, divisions, or related entities to which these allegations pertain.

23.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to THE KROGER CO. and DOES 1-10, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

24.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all of the other Defendants in proximately causing the damages herein alleged.

25.    At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.

### JURISDICTION

26.    This case was removed to federal court on March 29, 2017.  (Dkt. No. 1.)  Defendant alleges:  "The action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b) because this case is (1) a proposed class action within the meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the "number of members of all proposed plaintiff

classes in the aggregate is [not] less than 100," (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and (5) no CAFA exclusions apply.  *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B)."

## VENUE

27.     Kroger, through its business of advertising, distributing, and selling the Kroger Apple Juice, has established sufficient contacts in this district such that personal jurisdiction is appropriate.  Defendant is deemed to reside in this district pursuant to 28 U.S.C. § 1391(a).

## FACTUAL ALLEGATIONS

28.     Due to health concerns, U.S. consumers are increasingly more aware of their sugar consumption and, as such, attach great importance to "No Sugar Added" and other sugar-content claims on food and beverage product labeling.

29.     To profit from consumers' well-placed and increased focus on minimizing sugar consumption, Defendants have prominently featured a "No Sugar Added" claim on the front label of their Kroger Apple Juice packaging, as depicted above.

30.     However, the FDA forbids the use of "No Sugar Added" claims unless the product making such claim meets the following criteria:

(i) No amount of sugars, as defined in 101.9(c)(6)(ii), or any other ingredient that contains sugars that functionally substitute for added sugars is added during processing or packaging; and

(ii) The product does not contain an ingredient containing added sugars such as jam, jelly, or concentrated fruit juice; and

(iii) The sugars content has not been increased above the amount present in the ingredients by some means such as the use of enzymes, except where the intended functional effect of the process is not to increase the sugars content of a food, and a functionally insignificant

increase in sugars results; and

      (iv) **The food that it resembles and for which it substitutes normally contains added sugars**; <u>and</u>

      (v) The product bears a statement that the food is not "low calorie" or "calorie reduced" (unless the food meets the requirements for a "low" or "reduced calorie" food) and that directs consumers' attention to the nutrition panel for further information on sugar and calorie content.

31.    Further, the FDA has stated that, "[i]n implementing the guidelines, the purpose of the 'no added sugar' claim is to present consumers with information that allows them to differentiate between similar foods that would normally be expected to contain added sugars, with respect to the presence or absence of added sugars.  Therefore, the 'no added sugar' claim is not appropriate to describe foods that do not normally contain added sugars."[2]

32.    Thus, Defendants' "No Sugar Added" claims on Kroger Apple Juice are in violation of FDA and state regulations because Kroger Apple Juice does not resemble and substitute for a food that normally contains added sugars, including, without limitation, apple juice (21 C.F.R. § 101.60(c)(iv)).

33.    As a result of their reliance on Defendants' unlawful sugar-content labeling claims, consumers have suffered an ascertainable loss of money, including, but not limited to, out of pocket costs incurred in purchasing the Kroger Apple Juice.  Further, as a result of their deceptive marketing and unfair competition with other similar manufacturers and brands, Defendants realized sizable profits.

### CLASS ACTION ALLEGATIONS

34.    Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly situated as members of the proposed Class pursuant to

---

[2] 58 Fed. Reg. 2302, 2366 (Jan. 6, 1993)

1  California Code of Civil Procedure § 382.

2       35.    All claims alleged herein arise under California law for which

3  Plaintiffs seek relief authorized by California law.

4       36.    The class and sub-classes Plaintiff seeks to represent (the "Class

5  Members") is defined as:

6            **Nationwide Class**:     All individuals in the United
7            States who purchased one or more containers of Kroger
             Apple Juice containing a "No Sugar Added" claim on
8            the label or other packaging at any time between four
             years prior to the filing of this complaint until the date
9            of certification (the "Nationwide Class").

10
11           **California Sub-Class**: All members of the Nationwide
             Class who reside in the State of California (the
12           "California Sub-Class").

13           **CLRA Sub-Class**: All members of the California Sub-
14           Class who are "consumers" within the meaning of
             California Civil Code § 1761(d) (the "CLRA Sub-
15           Class").

16       37.    Excluded from the Class are: (1) Defendants, any entity or division

17  in which Defendants have a controlling interest, and their legal representatives,

18  officers, directors, assigns, and successors; (2) the Judge to whom this case is

19  assigned and the Judge's staff; (3) any Judge sitting in the presiding state and/or

20  federal court system who may hear an appeal of any judgment entered; and (4)

21  those persons who have suffered personal injuries as a result of the facts alleged

22  herein.  Plaintiff reserves the right to amend the Class and Sub-Class definitions

23  if discovery and further investigation reveal that the Class or Sub-Class should

24  be expanded or otherwise modified.

25       38.    There is a well-defined community of interest in the litigation and

26  the Class is readily ascertainable.

27       39.    <u>Numerosity</u>:  Although the exact number of prospective Class

28

SECOND AMENDED CLASS ACTION COMPLAINT

Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from information and records in Defendants' possession, custody, or control.

40.   <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class in that Plaintiff, like all Class Members, has purchased one or more Kroger Apple Juice products containing a "No Sugar Added" claim on the label or other packaging within the applicable class period.   The representative Plaintiff, like all Class Members, has been damaged by Defendants' misconduct in that they have incurred expenses due to their reliance on Defendants' labeling of its Kroger Apple Juice product, as described throughout this complaint. Furthermore, the factual bases of Defendants' misconduct are common to all Class Members and represent a common thread resulting in injury to all Class Members.

41.   <u>Commonality</u>:  There are numerous questions of law and fact common to Plaintiff and the Class that predominate over any question affecting only individual Class Members.  These common legal and factual issues include the following:

(a)   Whether Defendants engaged in unlawful, unfair or deceptive business practices by failing to properly package and label food products sold to consumers;

(b)   Whether the food products at issue were misbranded as a matter of law;

(c)   Whether Defendants unlawfully labeled certain food and beverage products with "No Sugar Added" claims;

(d)     Whether Defendants made false, misleading and/or untrue statements via their product labeling;

(e)     Whether Defendants violated California's Consumers Legal Remedies Act (Cal. Civil Code §§ 1750 *et seq.*);

(f)     Whether Defendants violated California Business & Professions Code §§ 17200 *et seq.*;

(g)     Whether Defendants violated California Business & Professions Code §§ 17500 *et seq.*;

(h)     Whether Defendants violated the Sherman Food, Drug, and Cosmetic Law (Health & Saf. Code, §§ 109875 *et seq.*);

(i)     Whether Plaintiff and the Class are entitled to equitable and/or injunctive relief;

(j)     Whether Plaintiff and other Class Members are entitled to damages;

(k)     Whether Defendants' unlawful, unfair and/or deceptive practices harmed Plaintiff and the Class;

(l)     Whether Defendants knew or reasonably should have known of the deceptive labeling claims relating to the Kroger Apple Juice product; and

(m)     Whether Defendants are obligated to inform Class Members of their right to seek reimbursement for having paid for Kroger Apple Juice in reliance on Defendants' misrepresentations.

42.     <u>Adequate Representation</u>:  Plaintiff will fairly and adequately protect the interests of the Class Members.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiff intends to prosecute this action vigorously.

43.     <u>Superiority</u>:  Plaintiff and the prospective Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct.  Absent a class action, Class Members will continue to incur damages, and Defendants' misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION

### (Violation of California Business & Professions Code § 17200 *et seq.*)

44.     Plaintiff brings this cause of action on behalf of herself and on behalf of the Nationwide Class, or in the alternative, on behalf of herself and on behalf of the California Sub-Class.

45.     As a result of their reliance on Defendants' misrepresentations and omissions, Class Members suffered an ascertainable loss of money, property, and/or value of their Kroger Apple Juice products.

46.     California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

47.     Defendants' "No Sugar Added" claims on Kroger Apple Juice are in violation of FDA and state regulations because Kroger Apple Juice does not

resemble and substitute for a food that normally contains added sugars (21 C.F.R. § 101.60(c)(iv)).

48.    21 C.F.R. § 101.13(d) provides: "A 'substitute' food is one that may be used interchangeably with another food that it resembles, i.e., that it is organoleptically, physically, and functionally (including shelf life) similar to, and that it is not nutritionally inferior to unless it is labeled as an 'imitation.'"

49.    As an example, the FDA states that the food "'no salt added' canned corn" resembles and for which it substitutes is "canned corn," not frozen corn.[3] The FDA has explained: "In implementing the guidelines, the purpose of the 'no added sugar' claim is to present consumers with information that allows them to differentiate between similar foods that would normally be expected to contain added sugars, with respect to the presence or absence of added sugars. Therefore, the 'no added sugar' claim is not appropriate to describe foods that do not normally contain added sugars."[4]  The FDA goes on to cite fruit juices as an example of a food group for which "no sugar added" claims are inappropriate due to their "substantial inherent sugar content." *Id.*

50.    The food that Kroger Apple Juice resembles and substitutes for is 100% apple juice from concentrate.

51.    100% apple juice from concentrate does not normally contain added sugars.

52.    There is no food that Kroger Apple Juice resembles and substitutes for that normally contains added sugars.

53.    Defendants' acts, conduct and practices were also unlawful, in that they constituted:

      (a) Violations of the Federal Food, Drug, and Cosmetics Act;

---

[3] 58 Fed. Reg. at 2325; *see also* 56 Fed. Reg. 60421, 60432 (Nov. 27, 1991) (stating that "sodium free Italian bread" is a substitute for Italian bread).
[4] 58 Fed. Reg. 2302, 2327 (Jan. 6, 1993).

(b) Violations of California's Consumers Legal Remedies Act;

(c) Violations of California's False Advertising Law; and

(d) Violations of California's Sherman Law;

54.     Defendants' "No Sugar Added" statement on the front label and front outer packaging of their Kroger Apple Juice containers, although literally true, is likely to deceive reasonable consumers in its implications.

55.     Consumers are exposed to the front labels and front outer packaging of Kroger Apple Juice containers where the "No Sugar Added" statement is prominently displayed.

56.     Consumers are also exposed to the front labels and front outer packaging of competing brands of apple juice that do not display a "No Sugar Added" statement.  These include Martinelli's Gold Medal 100% Apple Juice, Tree Top 100% Apple Juice, Santa Cruz Organic Apple Juice, L&A Organic Apple Juice and Langer's Apple Juice.

57.     Consumers scan the front labels and front outer packaging of competing brands of apple juice for information about the products.  Reasonable consumers are not expected to look beyond representations on the front of competing brands of apple juice to discover the truth about the representations.

58.     The prominent placement of the No Sugar Added statement on the front labels and front outer packaging of Kroger Apple Juice containers is likely to deceive reasonable consumers because it implies that Kroger Apple Juice is different and better than the competing brands of apple juice.  Specifically, the "No Sugar Added" claim on Kroger Apple Juice containers is likely to deceive reasonable consumers because it implies that other brands of apple juice that do not have a "No Sugar Added" claim do contain added sugar.  In fact, other brands of apple juice do not contain added sugar.

59.     In addition, the "No Sugar Added" claim on Kroger Apple Juice

containers is likely to deceive reasonable consumers because it implies that Kroger Apple Juice does not have a lot of the sugar that many health-conscious consumers avoid and is therefore healthier.  In fact, Kroger Apple Juice, like other brands of apple juice, has high sugar content.

60.    Defendants' use of the "No Sugar Added" claim, as set forth herein, also constitutes an "unfair" business act or practice within the meaning of California Business and Professions Code §§ 17200 *et seq*., because any utility for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff and Class Members and because the conduct offends public policy.  As discussed above, the overconsumption of sugar has been associated with a variety of health problems, many of which can cause serious complications or death, including, but not limited to, heart disease, tooth decay, diabetes, and cancer.  Deceptive practices of the type upon which Plaintiffs' claims contribute to the overconsumption of sugars and are thereby directly linked to these grave social ills.

61.    If the Kroger Apple Juice had not included the illegal and deceptive "No Sugar Added" claim on the label, Plaintiff and Class Members would not have purchased the Kroger Apple Juice or would have paid less for it.

62.    By their conduct, Defendants have engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

63.    Defendants' illegal, deceptive and unfair business acts or practices occurred repeatedly in Defendants' trade or business, and were capable of deceiving a substantial portion of the purchasing public.

64.    As a direct and proximate result of Defendants' illegal, deceptive and unfair business acts or practices Plaintiff and the Class have suffered and will continue to suffer actual damages.

65.    Defendants have been unjustly enriched and should be required to

make restitution to Plaintiff and the Class pursuant to §§ 17203 and 17204 of the Business & Professions Code.

### SECOND CAUSE OF ACTION

### (Violation of California Business & Professions Code § 17500 *et seq.*)

66.     Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

67.     Plaintiff brings this cause of action on behalf of herself and on behalf of the Nationwide Class, or in the alternative, on behalf of the California Sub-Class.

68.     California Business & Professions Code § 17500 prohibits unfair, deceptive, untrue, and misleading advertising in connection with the disposal of personal property (among other things), including, without limitation, false statements as to the use, worth, benefits, or characteristics of the property.

69.     Defendants have committed acts of misleading and unlawful advertising by utilizing "No Sugar Added" claims on the labels of the Kroger Apple Juice.  In addition, Defendants made such unlawful or misleading labeling claims with the intent to dispose of said merchandise.

70.     Defendants knew, or in the exercise of reasonable care should have known, that the "No Sugar Added" representations were misleading and deceptive.

71.     The falsely advertised Kroger Apple Juice was, and continues to be, likely to deceive members of the public.

72.     As a result of their reliance on Defendants' misrepresentations and omissions, Class Members suffered an ascertainable loss of money, property, and/or value of their Kroger Apple Juice.

73.     As a direct and proximate result of Defendants' unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual

1   damages.

2       74.    Defendants have been unjustly enriched and should be required to

3   make restitution to Plaintiff and the Class.  Pursuant to § 17535 of the Business

4   & Professions Code, Plaintiff and Class Members are entitled to an order of this

5   Court enjoining such future conduct on the part of Defendants and such other

6   orders and judgments which may be necessary to disgorge Defendants' ill-gotten

7   gains and restore to any person in interest any money paid for its Kroger Apple

8   Juice as a result of the wrongful conduct of Defendants.

9   <center>**THIRD CAUSE OF ACTION**</center>

10   <center>**(Violation of California's Consumers Legal Remedies Act, California Civil**</center>

11   <center>**Code § 1750, *et seq*.,)**</center>

12       75.    Plaintiff re-alleges and incorporates by reference each and every

13   allegation contained in the preceding paragraphs of this Complaint as though

14   fully set forth herein.

15       76.    Plaintiff brings this cause of action on behalf of herself and on

16   behalf of the members of the CLRA Sub-Class.

17       77.    Defendants are "person(s)" as defined by California Civil Code §

18   1761(c).

19       78.    Plaintiff and CLRA Sub-Class Members are "consumers" within the

20   meaning of California Civil Code § 1761(d) because they bought the Kroger

21   Apple Juice for personal, family, or household purposes.

22       79.    By failing to disclose and concealing the true and actual nature of

23   the Kroger Apple Juice from Plaintiff and prospective Class Members,

24   Defendants violated California Civil Code § 1770(a), as it represented that the

25   Kroger Apple Juice had characteristics and benefits that it does not have,

26   represented that the Kroger Apple Juice was of a particular standard, quality, or

27   grade when it was of another, and advertised the Kroger Apple Juice with the

28

1   intent not to sell it as advertised.  *See* Cal. Civ. Code §§ 1770(a)(5)(7) & (9).

2       80.    Defendants' unfair and deceptive acts or practices occurred

3   repeatedly in Defendants' trade or business and were capable of deceiving a

4   substantial portion of the purchasing public.

5       81.    Defendants knew the Kroger Apple Juice did not possess the

6   characteristics and benefits as represented and were not of the particular

7   standard, quality or grade as represented.

8       82.    As a result of their reliance on Defendants' representations and

9   omissions, Class Members suffered an ascertainable loss of money, property,

10  and/or value of their Kroger Apple Juice.

11      83.    In failing to disclose and misrepresenting the true nature and

12  contents of the Kroger Apple Juice, Defendants knowingly and intentionally

13  concealed material facts and breached their duty not to do so.

14      84.    The facts Defendants concealed from or misrepresented to Plaintiff

15  and Class Members are material in that a reasonable consumer would have

16  considered them to be important in deciding whether to purchase the Kroger

17  Apple Juice or pay less.  If the Kroger Apple Juice had not included the illegal

18  and deceptive "No Sugar Added" claim on the label, Plaintiff and Class

19  Members would not have purchased the Kroger Apple Juice or would have paid

20  less for it.

21      85.    Plaintiff and Class Members are reasonable consumers who expect

22  manufacturers, like Defendants, to provide accurate and truthful representations

23  regarding the sugar content contained in their products, especially as compared

24  to those in competitors' similar products.  Further, reasonable consumers, like

25  Plaintiff, rely on the representations made by manufacturers regarding products'

26  sugar content in determining whether to purchase the particular products and

27  consider that information important to their purchase decision.

28

86.     As a direct and proximate result of Defendants' unfair methods of competition and/or unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

87.     Plaintiff and the Class are entitled to equitable relief.

88.     Plaintiff provided Defendant with notice of its violations of the CLRA pursuant to California Civil Code § 1782(a).  Defendant failed to provide appropriate relief for its violations of the CLRA within 30 days or agree within 30 days to do so within a reasonable timeframe thereafter.  Therefore, Plaintiff seeks monetary, compensatory and punitive damages in addition to injunctive and equitable relief.

## RELIEF REQUESTED

89.     Plaintiff, on behalf of herself, and all others similarly situated, requests the Court to enter judgment against Defendants, as follows:

(a)     An order certifying the proposed Class and Sub-Classes, designating Plaintiff as named representative of the Class, and designating the undersigned as Class Counsel;

(b)     An order enjoining Defendants from further unfair and deceptive business practices regarding the deceptive advertising, sales, and other business practices relating to the Kroger Apple Juice products;

(c)     A declaration requiring Defendants to comply with the various provisions of the Federal Food Drug & Cosmetic Act, California's Sherman Law, California's False Advertising Law and CLRA alleged herein and to make all the required representations;

(d)     An award to Plaintiff and the Class for compensatory, exemplary, and statutory damages, including interest;

1     (e) A declaration that Defendants must disgorge, for the benefit

2       of the Class, all or part of the ill-gotten profits they received

3       from the sale of the Kroger Apple Juice products, or make full

4       restitution to Plaintiff and Class Members;

5     (f) An award of attorneys' fees and costs, as allowed by law;

6     (g) An award of attorneys' fees and costs pursuant to California

7       Code of Civil Procedure § 1021.5;

8     (h) An award of pre-judgment and post-judgment interest, as

9       provided by law;

10     (i) Leave to amend the Complaint to conform to the evidence

11       produced at trial; and

12     (j) Such other relief as may be appropriate under the

13       circumstances.

14        **DEMAND FOR JURY TRIAL**

15  90. Plaintiff demands a trial by jury of any and all issues in this action

16 so triable.

17

18 Dated:  September 8, 2017     Respectfully submitted,

             Capstone Law APC

19

20

21          By: /s/ Robert K. Friedl

            Bevin A. Pike

22           Robert K. Friedl

            Trisha K. Monesi

23          Attorneys for Plaintiff Sonia Perez

24

25

26

27

28