# United States District Court
# Central District of California

| | |
|---|---|
| SONIA PEREZ, individually, and on behalf of a class of similarly situated individuals,<br><br>            Plaintiff,<br><br>   v.<br><br>THE KROGER CO.; and DOES 1–10,<br><br>            Defendants. | Case № 2:17-cv-02448-ODW (AGR)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [38]** |

## I.    INTRODUCTION

Pending before the Court is Defendant The Kroger Co.'s Motion to Dismiss (Mot., ECF No. 38.) Plaintiff Sonia Perez's Second Amended Class Action Complaint (Second Am. Compl. ("SAC"), ECF No. 35.)[1] For the reasons below, the Court **DENIES** Kroger's Motion.

## II.    FACTUAL BACKGRUOND

This is a consumer product class action. Perez alleges that Kroger's use of the statement "No Sugar Added" on Kroger 100% Apple Juice, Kroger 100% Natural

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

Apple Juice, and Simple Truth Organic 100% Apple Juice (collectively, "Kroger Apple Juice"), does not comply with the applicable Food and Drug Administration ("FDA") regulations, specifically 21 C.F.R. § 101.60(c)(2). (SAC ¶¶ 1–2, 5–7.) Perez further alleges that Kroger's failure to comply with FDA regulations violates various California consumer protection statutes—the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq., and the Consumer's Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq. (SAC ¶¶ 53, 60, 66–74, 75–88.)

Perez alleges that in January 2017, she purchased Kroger 100% Apple Juice after reading and relying on the product's "No Sugar Added" label, because sugar level is important to her and she believed that Kroger 100% Apple Juice was healthier than other brands of apple juice. (SAC ¶¶ 16–18.) Perez claims that she would not have bought Kroger 100% Apple Juice if she had known that similar products contained the same level of sugar. (SAC ¶ 11.) If Kroger 100% Apple Juice had not included the "No Sugar Added" label, Perez alleges, she would have either not purchased the product or paid less for it. (SAC ¶ 13.)

On February 9, 2017, Perez filed a class action complaint in Los Angeles County Superior Court against Kroger. (Compl., ECF No. 1.) On March 29, 2017, Kroger removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1332(d), and 1453(b). (Not. of Removal, ECF No. 1.) On May 6, 2017, Kroger moved to dismiss the complaint (ECF No. 10), and on May 26, 2017, Perez filed her first amended complaint, mooting the motion to dismiss. (First Am. Compl., ECF No. 21.) Kroger moved to dismiss again on June 16, 2017, arguing that Perez failed to state a claim and that the doctrines of preemption, primary jurisdiction, and safe harbor required dismissal. (ECF No. 24.) The Court granted Kroger's Motion in part, finding that Perez had failed to satisfy the requirements of Federal Rule of Civil Procedure 9(b) by pleading fraud with particularity and dismissed her FAL and CLRA claims and some

of her UCL claims with leave to amend. (Order 8–10, ECF No. 34.) The Court denied the remainder of Kroger's Motion, rejecting its arguments that: (1) Perez lacked standing to assert her UCL, FAL, and CLRA claims; (2) under the primary jurisdiction doctrine the Court should dismiss or stay the case pending guidance from the FDA; (3) Perez's state law claims are preempted by federal law; and (4) Perez's claims should be dismissed under the safe harbor doctrine. (*Id.* at 10–15.)

Perez timely submitted her Second Amended Complaint ("SAC") on September 8, 2017. Kroger moved to dismiss the SAC on October 6, 2017. (Mot., ECF No. 38.) By the present motion, Kroger moves to dismiss the entire action for failure to state a claim. Kroger has also requested the Court to take judicial notice of a number of documents referenced in Kroger's Motion and its Reply. (ECF Nos. 39, 45.) Perez opposes Kroger's Motion and the request for judicial notice related to Kroger's Reply. (ECF Nos. 43, 47.)

### III. LEGAL STANDARD

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court must dismiss a complaint that does not assert a cognizable legal theory or fails to plead sufficient facts to support an otherwise cognizable legal theory. Fed. R. Civ. P. 12(b)(6); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In addition, where, as here, the plaintiff's claim sounds in fraud, the complaint

must comply with Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008); *Bly-Magee v. Cal.*, 236 F.3d 1014, 1018 (9th Cir. 2001). Rule 9(b) requires the party alleging fraud to "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), including "the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks omitted); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "In addition, the plaintiff must set forth what is false or misleading about a statement, and why it is false." *Ebeid*, 616 F.3d at 998 (citations, brackets, and internal quotation marks omitted). The purpose of Rule 9(b) is:

> to give defendants adequate notice to allow them to defend against the charge and to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect professionals from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.

*In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (citations, brackets, and internal quotation marks omitted).

## IV. DISCUSSION

Kroger argues that Perez's SAC must be dismissed because: (1) Perez has not stated a claim as to how a reasonable consumer could be deceived by the "No Sugar Added" label; (2) Perez lacks standing because she has not suffered an economic injury; and (3) Perez's CLRA claim fails because the "No Sugar Added" label is true. (Mot.) The Court will address each argument in turn.

### A. Requests for Judicial Notice

While a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, a court may consider any documents referenced in the complaint, and may take judicial notice of matters in the public

record, without converting a motion to dismiss into one for summary judgment. *See Lee*, 250 F.3d at 688–89.

Kroger requests the Court to take judicial notice of the following exhibits (ECF No. 39):

- Exhibit A: The product label for Martinelli's 100% Pure Apple Juice. Available at https://www.martinellis.com/products/apple-juice-50oz/;
- Exhibit B: The nutrition fact panel for Martinelli's 100% Pure Apple Juice. Available at https://www.martinellis.com/nutrition/apple-juice-50oz/.;
- Exhibit C: A printout of the product page for Martinelli's 100% Pure Apple Juice for Ralphs at 3410 West 3rd Street, Los Angeles, CA. Available at https://www.ralphs.com/p/martinelli-s-apple-juice/0004124400152;
- Exhibit D: The product label and nutrition fact panel for Langers 100% Apple Juice. Available at http://www.langers.com/products/langers/3liter.html;
- Exhibit E: A printout of the product page for Langers Apple Juice for Ralphs at 3410 West 3rd Street, Los Angeles, CA. Available at https://www.ralphs.com/p/langers-100-apple-juice/0004175500106; and
- Exhibit F: A printout of the product page for Kroger 100% Apple Juice for Ralphs at 3410 West 3rd Street, Los Angeles, CA. Available at https://www.ralphs.com/p/kroger-100-apple-juice/0001111082114

The Court finds Kroger's Exhibits A through F appropriate for judicial notice. The SAC already contains an image of the front label for Kroger Apple Juice, but omits the nutrition labeling on the side of the packaging, which Kroger submits as Exhibit B. (SAC 2–4.) Additionally, the SAC references and describes the labels of Martinelli's Apple Juice and Langers Apple Juice. (*Id.* ¶ 16.) "A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a

complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (internal quotation marks omitted). Moreover, "[c]ourts addressing motions to dismiss product-labeling claims routinely take judicial notice of images of the products packaging." *Kanfer v. Pharmacare US, Inc.*, 142 F. Supp. 3d 1091, 1098–1099 (S.D. Cal. 2015).

Accordingly, the Court **GRANTS** Kroger's request for judicial notice as to Exhibits A through F. (ECF No. 39.)

Kroger also asks the Court to take judicial notice of a letter from the FDA to an unrelated third party filed in the state court action, *Perez v. Naked Juice Co. of Glendora, Inc., et al.*, No BC64926. (ECF No. 45.) The letter purports to establish that the FDA provided guidance contradicting Perez's deception claim. (*See* Reply 2, ECF No. 44.) Kroger seeks to use it for exactly that purpose—to argue that Perez's deception claim is barred by recent FDA guidance. (*Id.*) Perez objects to Kroger's request for judicial notice. (ECF No. 47.)

Although a court may take judicial notice of the existence and content of files in another court, it cannot take judicial notice of the truth of the facts recited therein. *Lee*, 250 F.3d at 688–90. Because Kroger asks the Court to take judicial notice of the facts contained within the FDA letter, which the Court cannot do, the Court **DENIES** Kroger's request for judicial notice as to that document. (ECF No. 45.)

**B.     Reasonable Consumer Standard**

Kroger argues that Perez has not sufficiently alleged how she was misled or how a reasonable consumer is likely to be deceived by Kroger's "No Sugar Added" claim, which is an accurate statement. (Mot. 3.) Perez's causes of action are premised on Kroger's alleged violation of an FDA labeling regulation, 21 C.F.R. § 101.60(c)(2). That regulation provides:

> The terms "no added sugar," "without added sugar," or "no sugar added" may be used only if:

(i) No amount of sugars, as defined in § 101.9(c)(6)(ii), or any other ingredient that contains sugars that functionally substitute for added sugars is added during processing or packaging; and
(ii) The product does not contain an ingredient containing added sugars such as jam, jelly, or concentrated fruit juice; and
(iii) The sugars content has not been increased above the amount present in the ingredients by some means such as the use of enzymes, except where the intended functional effect of the process is not to increase the sugars content of a food, and a functionally insignificant increase in sugars results; and
(iv) The food that it resembles and for which it substitutes normally contains added sugars; and
(v) The product bears a statement that the food is not "low calorie" or "calorie reduced" (unless the food meets the requirements for a "low" or "reduced calorie" food) and that directs consumers' attention to the nutrition panel for further information on sugar and calorie content.

Perez alleges that Kroger Apple Juice does not comply with § 101.60(c)(2)(iv) because it does not resemble and substitute for foods that normally contain added sugar. (SAC ¶ 47.) According to Perez, the food that Kroger Apple Juice "resembles and for which it substitutes" is other brands of 100% apple juice from concentrate, which does not normally contain added sugars. (*Id.* ¶¶ 50–51.) Perez further alleges that the presence of the "No Sugar Added" label on Kroger 100% Apple Juice, and the absence of such a label on competitors' products misled her into thinking that Kroger 100% Apple Juice was healthier. (*Id.* ¶¶ 17–18.)

False advertising claims under the FAL, the CLRA, and the fraudulent and unfair prongs of the UCL are governed by the reasonable consumer standard. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002); *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 504 (2003). Under the reasonable consumer standard, a plaintiff must show that members of the public are likely to be deceived by the defendant's representations.

*Williams*, 552 F.3d at 938 ("The California Supreme Court has recognized that these laws prohibit not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." (internal quotation marks omitted)). A likelihood of deception means that "it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie*, 105 Cal. App. 4th at 508.

Kroger points to this Court's Order on the previous motion to dismiss, in which it found that the First Amended Complaint lacked sufficient detail to establish how exactly the presence of the "No Sugar Added" claim misled her, or would mislead a reasonable consumer, into purchasing the apple juice. In that Order, the Court found that Perez had failed to satisfy the heightened pleading standard in 9(b), because she did not name which competitors' products did not portray the "No Sugar Added" label. (Order 9.)

In her SAC, Perez corrects the deficiencies outlined in the Court's previous Order. Perez now alleges that she observed two different apple juice containers, Martinelli's and Langers, which did not include a "No Sugar Added" label. (SAC ¶ 17.) Therefore, and for the reasons discussed in the Court's previous Order,[2] Perez has sufficiently stated a claim for violations of the UCL, FAL, and CLRA.

## C. Standing

Kroger next argues that Perez has not suffered an economic injury as a result of Kroger's conduct, and thus does not have statutory standing. (Mot. 6.) Most of Kroger's argument on this issue centers on assertions the Court previously rejected. (*See* Order 10–11.) The only new argument from Kroger on this point is that the competing apple juices Perez saw without the "No Sugar Added" label—Martinelli's

---

[2] The Court incorporates, by reference, its Order on Kroger's previous Motion to Dismiss. (ECF No. 34.)

and Langers—were actually more expensive than Kroger's 100% Apple Juice. (Mot. 8.) Thus, her decision not to buy them did not result in economic injury.

A plaintiff, however, can satisfy the economic injury requirement by alleging that "he or she would not have bought the product but for the misrepresentation." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 329 (2011). This is what Perez has done. Perez alleges that if Kroger Apple Juice's label had not included the "No Sugar Added" claim, she would not have purchased it, or would have paid less for it. (SAC ¶ 20.) This satisfies the standards set out in *Kwikset*, despite Kroger's argument regarding the competing juices. *Hinojos*, 718 F.3d 1098, 1107 (9th Cir. 2013) ("[W]e hold that when a consumer purchases merchandise on the basis of false [] information, and when the consumer alleges that he would not have made the purchase but for the misrepresentation, he has standing to sue under the UCL and FAL because he has suffered an economic injury."). Accordingly, Perez has standing to assert her claims.

**D. Perez's CLRA Claim**

Kroger argues that the Court should dismiss Perez's CLRA claim because she admits that the "No Sugar Added" label on Kroger Apple Juice is "literally true." (Mot. 9.) The Court already addressed and rejected that very argument in its previous Order and declines to address it again here. (*See* Order 9.)

## V. CONCLUSION

Accordingly, the Court **DENIES** Kroger's Motion to Dismiss. (ECF No. 38.)

**IT IS SO ORDERED.**

December 22, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**