# United States District Court
# Central District of California

| | |
|---|---|
| SONIA PEREZ, individually, and on behalf of a class of similarly situated individuals,<br><br>            Plaintiff,<br><br>    v.<br><br>THE KROGER CO.; and DOES 1–10,<br>            Defendants. | Case No. 2:17-cv-02448-ODW (AGR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [63]** |

## I. INTRODUCTION

Plaintiff Sonia Perez ("Perez"), on behalf of herself and the putative class members she seeks to represent, alleges that Defendant The Kroger Co.'s ("Kroger") use of the statement "No Sugar Added" on Kroger Apple Juice[1] violates the Food and Drug Administration ("FDA") regulations, specifically 21 C.F.R. § 101.60(c)(2)(iv). (Second Am. Compl. ("SAC") ¶¶ 1–2, 5–7, ECF. No. 35.) In particular, the FDA regulation sets forth five provisions in which the terms "no sugar added," "without added sugar," or "no added sugar" may be used. 21 C.F.R. § 101.60(c)(2). One of the

---

[1] As used herein, Kroger 100% Apple Juice, Kroger 100% Natural Apple Juice, and Simple Truth Organic 100% Apple Juice shall collectively be referred to as Kroger Apple Juice.

five provisions requires that "[t]he food that it resembles and for which it substitutes normally contains added sugar." 21 C.F.R. § 101.60(c)(2)(iv). Plaintiff alleges that Kroger Apple Juice violates this provision because Kroger Apple Juice "does not resemble and substitute for a food that normally contains added sugars." (SAC ¶ 7.) Plaintiff further claims that the "no sugar added" label is "not appropriate to describe foods that do not normally contain added sugars," like Kroger Apple Juice, which contains 100% apple juice. (SAC ¶ 31.)

Accordingly, Perez alleges that Kroger's failure to comply with the FDA regulation violates (1) the Unfair Competition Law ("UCL") pursuant to California Business and Professions Code section 17200 *et seq.*; (2) the False Advertising Law ("FAL") pursuant to California Business and Professions Code section 17500 *et seq.*; and (3) the Consumer's Legal Remedies Act ("CLRA") pursuant to California Civil Code section 1750 *et seq.* (SAC ¶¶ 53, 60, 66–74, 75–88.)

Kroger moves for summary judgment on all of Perez's causes of action on the basis that there is no violation of the FDA regulation, specifically 21 C.F.R. § 101.60(c)(2)(iv), which is the underlying violation supporting all of Perez's causes of action. (Mot. Summ. J. ("Mot."), ECF No. 63.) As state law labeling requirements cannot be more restrictive or burdensome than the federal requirements, a state law making the claim unlawful would be preempted if there is no violation of 21 C.F.R. § 101.60(c)(2). *See* 21 U.S.C. §§ 343-1(a)(5), 343(r), 343(q); 21 C.F.R. § 101.60(c)(2)(iv).

In support of Kroger's Motion, Kroger argues that the FDA has explicitly rejected Perez's allegations, and the FDA allows the "No Sugar Added" labeling on 100% fruit juices where the label is truthful and otherwise conforms with the FDA requirements. Kroger urges the Court to defer to the FDA's interpretation of section 101.60(c)(2)(iv).

For the following reasons, the Court **GRANTS** Kroger's Motion for Summary Judgment. (ECF No. 63.)

## II. FACTUAL BACKGRUOND

Perez alleges that in January 2017, she purchased Kroger Apple Juice after reading and relying on the product's "No Sugar Added" label. Perez alleges that sugar level is important to her, and she believed that Kroger Apple Juice was healthier than other brands of apple juice because of the "No Sugar Added" label. (SAC ¶¶ 16–18.) Perez claims that she would not have bought Kroger Apple Juice if she had known that similar products contained the same level of sugar. (SAC ¶ 17.) Perez further claims that without the "No Sugar Added" label, she would have either not purchased the product or paid less for it. (SAC ¶ 20.)

Kroger now moves for summary judgment on the basis that the FDA's interpretation of its own regulation, 21 C.F.R. § 101.60(c)—that 100% juices can include "No Sugar Added" on their labels—is entitled to deference. Kroger further argues that if the correct interpretation of section 101.60(c) allows the "No Sugar Added" claim on the label of Kroger Apple Juice, then a state law making the claim unlawful would be preempted. (Mot. 1.)

## III. REQUEST FOR JUDICIAL NOTICE

In support of her Opposition, Plaintiff filed a Request for Judicial Notice requesting that the Court take judicial notice of two items. (Req. for Judicial Notice, ECF No. 68-2.) Specifically, Plaintiff requested that the Court take judicial notice of (1) the decision in *Sahjigian v. Sun-Maid Growers of California*, 17-cv-05013-AB-PJW (C.D. Cal. Dec. 14, 2017) and (2) that a letter from the Center for Science in the Public Interest dated May 14, 2017 was publicly published on the FDA's website. However, Plaintiff failed to attach the exhibits to the request until one business day before hearing. (*See* Notice of Errata, ECF No. 78.)

The party requesting judicial notice must supply the court with the source material needed to determine whether the request is justified. *In re Tyrone F. Conner Corp., Inc.*, 140 B.R. 771, 781 (Bankr. E.D. Cal. 1992). "[T]he Court will not

rummage through the Court files and take notice of those documents requested absent those documents being supplied to the Court." *Id.* at 782.

Although the Request for Judicial Notice failed to properly attach the requested documents as exhibits, Defendant did not oppose or otherwise object to the request. Courts regularly take judicial notice of proceedings in other courts and facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Montantes v. Inventure Foods*, No. 14-cv-1128-MWF (RZx), 2014 WL 3305578, at *2 (C.D. Cal. July 2, 2014) (stating that courts "take judicial notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue") (internal quotation marks omitted).

Therefore, the Court takes judicial notice of the above-referenced documents, but not the facts contained therein. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (stating that judicial notice of public records is limited to the existence of the documents, not the truth of their contents).

## IV. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris,* 550 U.S. 372, 378 (2007). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla

of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). The court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that should set out the material facts to which the moving party contends there is no genuine dispute. C.D. Cal. L.R. 56-1. A party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. L.R. 56-2. "[T]he Court may assume that material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence files in opposition to the motion." C.D. Cal. L.R. 56-3.

## V. DISCUSSION

Kroger argues that Perez's causes of action are preempted by the Food, Drug, and Cosmetic Act ("FDCA") because the "No Sugar Added" claim complies with 21 U.S.C. § 101.60(c). As such, Perez's causes of action pursuant to the UCL, FAL, and CLRA are preempted because state law cannot impose a requirement that is more

burdensome or restrictive than federal law. Accordingly, the Court will first address whether the state law claims are preempted and then whether Kroger complied with the relevant federal regulation.

**A.     Preemption**

Pursuant to the Supremacy Clause, U.S. Const. art. VI, cl. 2, federal law preempts state law when "(1) Congress enacts a statute that explicitly preempts state law; (2) state law actually conflicts with federal law; or (3) federal law occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in that field." *Chae v. SLM Corp.*, 593 F.3d 936, 941 (9th Cir. 2010).

In 1990, Congress passed the Nutrition Labeling and Education Act ("NLEA"), amending the FDCA, and adding an express preemption provision. *See* 21 U.S.C. § 343-1(a). Specifically, section 341-1(a) prohibits states from establishing food labeling requirements that are "not identical to" the requirements set forth in certain sections of the FDCA. "Not identical to" means that the state "requirement directly or indirectly imposes obligations or contains provisions concerning the composition or labeling of food . . . that: (i) [a]re not imposed by or contained in the applicable provision . . .; or (ii) [d]iffer from those specifically imposed by or contained in the applicable provision (including any implementing regulation) of section 401 or 403 of the act." 21 C.F.R. § 100.1(c)(4). Accordingly, a label claim regarding sugar content falls under the FDCA's express preemption provision. *Wilson v. Odwalla, Inc.*, No. 17-2763-DSF (FFMX), 2018 WL 3830119, at *2 (C.D. Cal. July 30, 2018) (identifying a number of regulations regarding sugar content, including 21 C.F.R. § 101.60, that fall under the FDCA's express preemption provision).

As Kroger indicates in its Reply, "[i]f Kroger is in compliance with Section 101.60(c)(2)(iv)—the only subsection Plaintiff alleges Kroger has violated—then Plaintiff's claims are preempted to the extent they seek to impose labeling more burdensome that Section 101.60(c)(2)(iv)." (Reply in Supp. of Mot. ("Reply") 10,

ECF No. 69.) The Court agrees to the extent that if section 101.60(c)(2) allows the "No Sugar Added" claim on Kroger Apple Juice, then a state law making the "No Sugar Added" claim unlawful would be preempted. Perez does not disagree with this statement. (*See* Opp'n to Mot. ("Opp'n") 14, ECF No. 68.)

Instead, Perez argues that she is not seeking to impose labeling requirements that are more burdensome or restrictive than the FDA regulations, but instead, she is seeking to "enforce food labeling requirements that are identical to [the] FDA regulations." (Opp'n 14.) As Perez notes, her UCL, FAL, and CLRA claims are predicated on Kroger's violation of an FDA regulation, specifically section 101.60(c)(2)(iv), which is incorporated into California's Sherman Law and 21 U.S.C. § 343(a). As such, Perez's claims are not preempted, expressly or impliedly, because Perez is not trying to impose additional requirements beyond the FDA regulations. Accepting Perez's argument as true, if Kroger's "No Sugar Added" label complies with federal law, then there would be no violation of the state laws that she seeks to impose.

Accordingly, the question the Court must resolve is whether the "No Sugar Added" label on Kroger Apple Juice violates federal law.

## B. The FDA Regulation

As discussed throughout, the FDA regulation at issue is 21 C.F.R. § 101.60(c)(2). An agency's interpretation of its own regulations may be entitled to judicial deference unless it is "plainly erroneous or inconsistent with the regulation" or that the agency's "interpretation does not reflect the agency's fair and considered judgment on the matter in question." *Auer v. Robbins*, 519 U.S. 452, 461–62 (1997). This includes the FDA's interpretation of its own regulation. *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 613 (2011) (giving deference to the FDA's interpretation); *Reid v. Johnson & Johnson*, 780 F.3d 952, 962 (9th Cir. 2015) (granting deference to the FDA's guidance in letters). Deference to the FDA's interpretation of its own rules is proper even if it is the "product of an informal and non-final process." *Reid*, 780 F.3d

at 962. However, *Auer* deference is warranted only after a court determines that the regulation is ambiguous. *Bassiri v. Xerox Corp.*, 463 F.3d 927, 930–31 (9th Cir. 2006) (holding that deference is proper "only when the language of the regulation is ambiguous"). If the regulation is not ambiguous, deferring to the agency's interpretation would allow "the agency, under the guise of interpreting a regulation, to create *de facto* a new regulation." *Christensen v. Harris County*, 529 U.S. 576, 588 (2000).

### a. Section 101.60(c)(2) is ambiguous.

A regulation is ambiguous when it is "not entirely 'free from doubt' . . . or 'susceptible to different interpretations and . . . discretional elements.'" *Cal. Pac. Bank v. Fed. Deposit Inc. Corp.*, 885 F.3d 560, 574 (9th Cir 2018) (citations omitted); *see also Hells Canyon Alliance v. U.S. Forest Service*, 227 F.3d 1170, 1180 (9th Cir. 2000) (deferring to the agency's interpretation because the plain language of the regulation "is susceptible to more than one reasonable interpretation").

Section 101.60(c)(2)(iv) requires that "[t]he food that it resembles and for which it substitutes normally contains added sugar." Both parties dispute the meaning of the phrase "resembles and for which it substitutes." (*See* Opp'n 8; Reply 3–5.)

The regulation itself does not define the phrase "resembles and for which it substitutes." Perez refers the Court to 21 C.F.R. § 101.13(d) for guidance on how the phrase should be interpreted. Although a different section, Perez believes that section 101.13(d) is applicable because it appears in the "same volume of the Federal Register" as section 101.60(c)(2). (Opp'n 5.) There is nothing in the regulation that explicitly supports Perez's position that 21 C.F.R. § 101.13(d) was intended to apply to 21 C.F.R. § 101.60(c)(2).[2] However, even assuming that section 101.13(d)'s definition and use of the word "substitute" applied to section 101.60(c)(2), section 101.13(d) is uninformative. Section 101.13(d) states that a "substitute food is one that

---

[2] Beyond the fact that the regulations appear in the same volume of the Federal Register, the regulations do not refer to each other or otherwise indicate that the definitions are interchangeable.

may be used interchangeably with another food that it resembles, i.e., that it is organoleptically, physically, and functionally (including shelf life) similar to, and that it is not nutritionally inferior to unless it is labeled as an imitation." 21 C.F.R. § 101.13(d) (internal quotation marks omitted). This definition and use simply changes the question from "when does a product resemble and substitute for food" to "when may a substitute food be used interchangeably with another food." Specifically here, what products may be used interchangeably with Kroger Apple Juice.

Kroger disputes section 101.13(d)'s applicability and Perez's narrow interpretation of the statute that Kroger Apple can only resemble or substitute for other 100% apple juices. (Mot. 7.) Instead, Kroger argues that the plain language of the statute allows 100% juices to substitute for fruit juices that normally contain sugar. (Reply 5.) Perez argues that section 101.60(c)(2)(iv) allows "No Sugar Added" claims on fruit juices only if "the fruit juice resembles and substitutes for a food . . . that normally contains added sugars." (Opp'n 8–9.) Perez states that this regulation allows "No Sugar Added" claims on juices such as 100% cranberry juice because cranberry juice normally contains added sugars. (Opp'n 9.) As both parties' interpretations are reasonable, the Court finds the disputed phrase to be ambiguous. Accordingly, the Court must now determine whether deference is warranted.

### C. The FDA's Interpretation

In a letter dated May 24, 2017, the Center for Science in the Public Interest (CSPI) wrote to the FDA requesting the FDA take action to enforce 21 C.F.R. § 101.60(c)(2)(iv) as to 100% juices. (Decl. of Sarah N. Davis ("Davis Decl.") ¶ 5, Ex. F ("CSPI Letter") at 1, ECF Nos. 63-16, 63-22.) Similar to Perez's position, the CSPI Letter asserted that 100% juices do not normally contain added sugar, and as such, labeling 100% juices as "No Sugar Added" violates the regulation. (*Id.*) The CSPI letter encouraged the FDA to enforce its regulation in the interest of protecting consumers from deceptive labeling. (CSPI Letter at 9.) The CSPI Letter further outlined the harm associated with the practice of labeling 100% juices as "No Added

Sugar" including the impression that consumers will "equate such claim with low, or at least moderate, levels of all sugars." (*Id.* at 2.)

On August 31, 2017, Douglas Balentine, the director of the FDA's Office of Nutrition and Food Labeling, Center for Food Safety and Applied Nutrition, responded. (Davis Decl. ¶ 6, Ex. H ("FDA Letter"), ECF No. 63-24.) The FDA Letter states that "firms can label a product as 100% juice if the product contains other ingredients, such as sweeteners or preservatives if the statement is accurate . . . and meets FDA's other requirements." (*Id.* at 1.) There is no dispute that Kroger Apple Juice is properly labeled 100% apple juice. The FDA Letter also specifically addressed 21 C.F.R. § 101.60(c)(2)(iv). In the FDA Letter, the FDA states:

> We note that this condition does not limit the "No Added Sugar" claim to only very similar foods bearing the same name or the same juice content. For example, juices with no added sugar could substitute for juice with added sugar, fruit-flavored soft drinks sweetened with sugar, or other sugar-sweetened beverages.

(*Id.* at 2.)

The FDA's interpretation is clear and consistent with Kroger's interpretation that Kroger Apple Juice is interchangeable and can substitute for other juices with added sugar, fruit-flavored soft drinks sweetened with sugar, or other sugar-sweetened beverages. Accordingly, if the FDA's interpretation is entitled to *Auer* deference, Kroger has not violated 21 C.F.R. § 101.60(c)(2)(iv).

### a. The FDA Letter is not plainly erroneous.

An agency's interpretation of its own regulations may be entitled to judicial deference unless it is "plainly erroneous or inconsistent with the regulation" or that the agency's "interpretation does not reflect the agency's fair and considered judgment on the matter in question." *Auer*, 519 U.S. at 461–62.

Perez advances two arguments as to why the FDA Letter is "completely erroneous and inconsistent with the express language" of the regulation. (Opp'n 10.)

However, both of Perez's arguments are premised on how two sentences in the FDA Letter are inconsistent with section 101.13(d), as described *supra*, IV.B.a. As the Court previously discussed, section 101.13(d) itself does not assist the Court in interpreting section 101.60(c)(2)(iv). Even adopting section 101.13(d)'s definition, the Court is still left to determine when may a substitute food be used interchangeably with another food. Further, as Kroger explained in its Motion, and Perez failed to address, the NLEA and Inspection Guides define "substitutes" in terms of product categories. (*See* Mot. 8–9; Reply 8.) Additionally, as addressed at the hearing, section 101.13(j)(1)(i)(A) allows dissimilar foods "within a product category [to] generally be substituted for one another." The FDA Letter also finds support in the agency's regulatory scheme relating to "100% juice" labels. The FDA Letter explains that the "permissibility of the 'No Added Sugar' claim on juices (single strength or 100% juice with or without added ingredients) is consistent with FDA's new definition for added sugars." (FDA Letter at 2.) This suggests that the FDA's regulatory scheme takes a broad view of "substitute," consistent with the FDA Letter's guidance.

Accordingly, the Court finds that the FDA Letter is not plainly erroneous or inconsistent with the regulation, and is therefore entitled to deference.

### b. The FDA Letter is not a litigation position or rationalization for its lack of enforcement.

Next, Perez claims that the FDA Letter is "nothing more than a convenient litigating position and rationalization for not enforcing its regulation." Perez's argument is based on CSPI's "strongly worded and detailed letter" as "America's Food Watchdog." (Opp'n 11.) Perez further presumes that the FDA Letter's "obvious purpose was to explain why the FDA had decided not to spring into action and take on the juice producers industry-wide at the request of CSPI." (*Id.* at 11–12.)

Courts will decline to give an agency's interpretation *Auer* deference when it appears that the interpretation is "nothing more than a convenient litigating position."

*Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 155 (2012) (internal quotation marks omitted). However, a "strongly worded and detailed letter" does not equate to the FDA taking a litigation position. As Kroger notes, no litigation involving the FDA exists, and the Court is unaware of any, such that the FDA would take a "litigation position" on this issue. Taking Perez's argument to its logical conclusion would mean that the FDA's response to every letter would result in the FDA taking a litigation position. Perez's argument is unpersuasive. Moreover, the FDA's refusal to take action appears simply consistent with the FDA's past interpretation of the regulation; there was no violation. (FDA Letter at 2 (stating that "single strength or 100% juices have never been considered to be added sugars in the Dietary Guidelines for Americans").)

Accordingly, *Auer* deference to the FDA's interpretation of the regulation is proper.

## VI. OTHER CASES

The Court is also aware of several other cases brought by Plaintiff's counsel, asserting claims similar to those set forth in this action, where courts have dismissed plaintiffs' claims. *See Wilson v. Odwalla, Inc.*, No. 17-2763-DSF (FFMx), 2018 WL 3830119 (C.D. Cal. July 30, 2018) (granting summary judgment in a case involving 100% orange juice with a "no sugar added" label); *Reza v. Zico Beverages*, No. BC647064, slip op. at 4 (L.A. Super. Ct. July 17, 2018) (sustaining demurrer without leave to amend in a case involving 100% coconut water with a "no sugar added" label); *Shaeffer v. Sun Pac., Inc.*, No. BC 654207, slip op. at 4 (L.A. Super. Ct. Apr. 9, 2018) (sustaining demurrer without leave to amend in a case involving 100% tangerine juice with a "no sugar added" label). The Court admonishes counsel to tread carefully in continuing to bring these particular claims.

\ \ \

\ \ \

\ \ \

## VII. CONCLUSION

Giving deference to the FDA Letter, Kroger Apple Juice complies with section 101.60(c)(2)(iv) in that the FDA allows the "No Sugar Added" label on 100% fruit juices where the label is truthful and otherwise conforms with the FDA requirements. Therefore, the Court **GRANTS** Kroger's motion for summary judgment (ECF No. 63) because Kroger Apple Juice's "No Sugar Added" claim does not violate federal law, and thus, does not violate the UCL, FAL, or CLRA. The Court will issue judgment.

**IT IS SO ORDERED.**

September 28, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**